## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR266** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **ERVIN CONTRERAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 219).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant was found guilty of Count I of the Indictment charging him with conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, Count III of the indictment charging him with possession with the intent to distribute methamphetamine in violation of 21 U.S.C. 841 (b)(1), and Count IX charging him with Possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Defendant filed a direct appeal challenging the district court's denial

of his motion to suppress and the denial of his request for a downward sentencing adjustment pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. The Eighth Circuit affirmed defendant's conviction and sentence.

In his § 2255 motion defendant sets forth five claims: (1) ineffective assistance of counsel based on his counsel's lack of diligence in adversarial court room proceedings, counsel's alleged failure to notify defendant about § 851 notification or prior criminal action, and problems due to a language barrier allegedly causing ethical issues; (2) that the sentencing enhancements are unconstitutional because the United States Supreme Court has invalidated the sentencing guidelines; (3) the United States Attorney committed prosecutorial misconduct based on his failure to inform defense counsel or defendant prior to proceedings of § 851 notice of prior convictions to enhance; (4) federal jurisdiction should not apply in this case; and (5) violations of defendant's Ninth Amendment rights.

## DISCUSSION

### Claim One - Ineffective Assistance of Counsel

The United States shall respond to the Defendant's first claim by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

### Claim Two - Sentencing Enhancements Unconstitutional

To the extent that defendant's arguments are based on *Booker,* decided on January 12, 2005, the claims are denied because his conviction was final before the *Booker* decision was announced. *Never Misses A Shot v. United States,* 413 F.3d 781, 783 (8th Cir. 2005).

2

Therefore, this claim is denied and no response from the government is required.

**Claim Three - Prosecutorial Misconduct**

Defendant claims that the United States Attorney committed prosecutorial misconduct by failing to inform defense counsel or defendant prior to the proceedings of a 21 U.S.C. § 851 notice of prior convictions to enhance. A review of the record reveals that defendant's sentence was not enhanced pursuant to this statute and therefore this claim is denied as moot.

**Claim Four - Federal Jurisdiction**

Defendant claims that federal jurisdiction should not apply in this case because it is a usurpation of state sovereignty and violates the Tenth Amendment.

This court has jurisdiction over all claims which arise under a federal statute. Defendant was charged with violations of federal statutes, therefore, the court had jurisdiction over the case and defendant's claim is denied.

**Claim Five - Violation of the Ninth Amendment**

Finally, defendant claims that his rights under the Ninth Amendment have been violated. Defendant provides no argument to support this vague assertion. Therefore, defendant's claim is denied.

IT IS ORDERED:

1.      The Court has completed the initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 219);

2.      Upon initial review, the Court finds that summary dismissal of the defendant's first claim in the § 2255 motion is not required;

3.      On or before April 24, 2006, the United States shall file an Answer to the defendant's first claim in the § 2255 motion and support its Answer with a brief;

4.      On or before May 24, 2006, the defendant may file a responsive brief addressing only the first claim;

5.      Upon initial review, the Court finds that summary dismissal of the defendant's remaining claims in the § 2255 motion is required; and

6.      The clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 3rd day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4