# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:02CR266** |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM** |
| vs. ) | **AND ORDER** |
| ) | |
| **ERVIN CONTRERAS,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (Filing No. 219).

## FACTUAL BACKGROUND

After a jury trial, defendant was found guilty of Count I of the Indictment charging him with conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, Count III of the indictment charging him with possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (b)(1), and Count IX charging him with possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Defendant filed a direct appeal challenging the district court's denial of his motion to suppress and the denial of his request for a downward sentencing adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The Eighth Circuit affirmed defendant's conviction and sentence.

Upon Initial review of defendant's § 2255 motion, the court ordered the government to answer defendant's claim of ineffective assistance of counsel. Defendant's remaining claims were dismissed. The court has reviewed the government's responsive materials and for the reasons discussed below denies defendant's § 2255 motion.

## DISCUSSION

In his § 2255 motion defendant argues that he received ineffective assistance of counsel based on his allegations that his counsel had a conflict of interest; counsel was not diligent in the courtroom proceedings; counsel did not raise the issue of the § 851 notification of prior criminal act; and a language barrier caused ethical conflicts.

To establish ineffective assistance of counsel, defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he or she failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

Defendant first argues that his counsel was ineffective because he was operating under a conflict of interest.  To overcome the constitutional threshold outlined in *Strickland* defendant must establish that his counsel "actively represented conflicting interests." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).  If a defendant is unable to demonstrate an actual conflict of interest under *Cuyler*, he may alternatively establish that his attorney (1) had a potential conflict of interest which (2) actually prejudiced the defense.  *See United States v. Acty*, 77 F.3d 1054, 1057 n. 3 (8th Cir. 1996) (citing *Strickland*, 466 U.S. at 694). In order to support the second prong of this test, defendant must show that the errors committed by counsel were so serious that defendant was deprived of a fair trial or a reliable result.  *Strickland*, 466 U.S. at 687-89.

Here, defendant does not set forth any explanation or evidentiary basis for the assertion that his attorney labored under a conflict of interest. Therefore, defendant has failed to meet his burden under either of the conflict of interest standards, and this claim is denied.

Next, defendant argues that his counsel was not diligent in the courtroom proceedings. Defendant does not detail in what aspects of the proceedings his counsel was not diligent in the courtroom. A review of the record shows that defense counsel filed numerous pretrial motions, provided a vigorous defense of defendant at trial and thoroughly prepared defendant's appeal. Therefore, without a specific allegation detailing how his attorney was not diligent in the courtroom, defendant has failed to meet his burden under either *Strickland* prong.

Next, defendant claims that his counsel was ineffective because he did not raise the issue of the § 851 notification of prior criminal act. Defendant does not provide any additional detail as to what this claim is arguing, and defendant's sentence was not enhanced pursuant to this statute. Therefore, this claim is denied as moot.

Finally, defendant argues that his counsel was ineffective because a language barrier caused ethical conflicts. The record does not support defendant's allegation. At the suppression hearing, FBI Special Agent, Matt Larson, testified that when he went to defendant's residence he spoke with defendant in English and that Larson had no difficulty understanding defendant, and defendant appeared to have no difficulty understanding Larson. Agent Larson testified that in response to his *Miranda* rights defendant answered in English. Special Agent James Slosson testified that when he interviewed defendant at the police station he conducted the bulk of the interview in English and defendant

responded articulately and without hesitation. Furthermore, defendant himself acknowledged that an interpreter was available to him every time he was in court. Based on this record, the court is not persuaded that counsel was presented with any ethical conflict based on a language barrier.

## CONCLUSION

For the reasons discussed, the Court concludes that the motion filed pursuant to § 2255 should be denied.

IT IS ORDERED:

1. Defendant's § 2255 motion (Filing No. 219) is denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 7th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge